UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MICHAEL F. ROBILLARD, JR.,

                Plaintiff,

v.

JUDGE DAVID HAROLD JUDD, in his
official and individual capacity; and
COURT CLERK LARINDA VALDON, in
her official individual capacity,

                Defendant.

Case No. 3:26-cv-00060-DCN

**INITIAL REVIEW ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff Michael F. Robillard, Jr.'s Complaint (Dkt. 1). Robillard filed his Complaint but did not pay the required $405 filing fee, nor did he file an Application for Leave to Proceed in Forma Pauperis. This form is a request that permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must undertake an initial review of Robillard's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court must DISMISS Robillard's case WITH PREJUDICE and deny leave to amend.

## II. BACKGROUND

Robillard is suing Judge David Judd and Court Clerk, Larinda Valdon, under 42 U.S.C. § 1983, for alleged violations of his constitutional rights. *See generally,* Dkt. 1.

MEMORANDUM DECISION AND ORDER - 1

Robillard alleges Judge Judd "acted under color of state law" and "exceeded his statutory jurisdiction by authorizing 'Amended Notices' that willfully bypassed the mandatory 14-day responsive window required by Idaho Rule of Civil Procedure 12(a)(2)." *Id*. at 7.

Robillard asserts Valdon "exercised state-granted authority to manage the court's docket and certify official notices" while working as Senior Deputy Court Clerk III for Latah County, Idaho. *Id*. Robillard argues, among other things, that Valdon issued conflicting Amended Notices on two separate occasions and disregarded his Motion to Dismiss. *Id*.

The first two notices were issued on December 16, 2025, and scheduled both a Small Claims Trial and Small Claims Motion for January 22, 2026, at 2:30 PM. *Id*. Robillard argues this created a "0-minute gap, making it physically and legally impossible for the Plaintiff to exercise the 14-day right granted by law." *Id*. at 4.

The second of the two notices were issued on December 23, 2025. Robillard alleges Valdon issued a Small Claims Motion at 10:55 AM followed by Small Claims Court Trial at 11:04 AM, both scheduled for February 5, 2026, at 9:00 AM PST. *Id*. at 7. Robillard argues this "proves the deprivation of my rights is not an accident or administrative mistake, but a systematic choice by these defendants." *Id*. at 4.

As stated above, Robillard did not pay the required filing fee, nor did he submit an application to proceed in forma pauperis. On March 2, 2026, the Court ordered Robillard to pay the filing fee or apply for leave to proceed in forma pauperis within 30 days. Robillard has not responded. In the exercise of its discretion, the Court elected to conduct an initial review of Robillard's Complaint sua sponte (that is, on its own initiative). *See*

MEMORANDUM DECISION AND ORDER - 2

*Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6) . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

### III. LEGAL STANDARD

#### A. Application for Leave to Proceed in Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

#### B. Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which

relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### C. *Rooker-Feldman Doctrine*

A federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). This rule of law is known as the "*Rooker–Feldman doctrine.*"

As the United Supreme Court has explained:

In *Rooker v. Fidelity Trust Co*., the parties defeated in state court turned to a Federal District Court for relief. Alleging that the adverse state-court judgment was rendered in contravention of the Constitution, they asked the

federal court to declare it null and void. This Court noted preliminarily that the state court had acted within its jurisdiction. If the state-court decision was wrong, the Court explained that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Federal district courts, the *Rooker* Court recognized, lacked the requisite appellate authority, for their jurisdiction was strictly original.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (cleaned up).

In short, the *Rooker–Feldman* doctrine "bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court . . . ." *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (cleaned up).

### D. Immunity

State court judges have absolute immunity from suit for damages arising from their judicial acts unless they act in a complete absence of jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). To determine whether an act is judicial in nature, courts look to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). If a judge acted in a judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (cleaned up). Absolute quasi-judicial immunity extends to court staff when their "challenged activities were an integral part of the judicial process." *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979) (cleaned up).

## IV. ANALYSIS

### A. Sufficiency of Complaint

Robillard used an Administrative Office of the Courts civil cover sheet and Pro Se Complaint for a Civil Case to file his Complaint against Judge Judd and Valdon. Dkt. 1. Therein, Robillard relies on 42 U.S.C. § 1983 and Article 14 of the U.S. Constitution for his cause of action and as the basis for federal jurisdiction. Robillard argues Judge Judd "exceeded his statutory jurisdiction" when he authorized "'Amended Notices' that willfully bypassed the mandatory 14-day responsive window required by Idaho Rule of Civil Procedure 12(a)(2)." *Id* at 7. Robillard asserts because Judge Judd "proceeded on a claim exceeding the $5,000.00 statutory limit (reaching $5,043.60) and did so with a defective '0-minute' record, he acted in clear absence of all jurisdiction, thereby waiving traditional judicial immunity." *Id*.

Robillard alleges that the Latah County Clerk's Office issued two notices on December 16, 2025. *Id*. at 4. The first was notice of a court trial scheduled for January 22, 2026, at 2:30 PM, and the second was for a Small Claims Motion—both scheduled for January 22, 2026, at 2:30 PM Pacific Time. *Id*. Robillard further alleges Valdon "reaffirmed their purposeful '0-minute gap'" when the Clerk's Office sent two additional notices, moving the trial and Motion to February 5, 2026, at 9:00 AM Pacific Time. *Id*. Because of this, Robillard asserts, "this proves the deprivation of my rights is not an accident or administrative mistake, but a systemic choice by these defendants." *Id*.

Robillard further argues he filed a Motion to Continue on January 5, 2026, because he works for the Rhode Island Department of Corrections, a secured facility that prohibits

MEMORANDUM DECISION AND ORDER - 6

the use of "video or audio recording as well as private litigation." *Id*. at 7. Robillard asserts that after Judge Judd and Valdon were notified of the impossibility of attending the hearing, they "still willfully proceeded to schedule and reaffirm a trial with zero minutes of defense time." *Id*. at 7.

The Court finds that Robillard's Complaint cannot proceed as is because Judge Judd and Valdon are protected under the *Rooker-Feldman* doctrine, and both are immune from suit.

Anything that has happened to date in Robillard's state court proceedings is not reviewable by this Court under *Rooker-Feldman*. Moreover, Robillard has not alleged any facts to illustrate that Judge Judd acted in a complete absence of jurisdiction. Judge Judd was performing his ordinary duties, in the county and district to which he was appointed. Because Judge Judd's acts were judicial and because he did not completely lack jurisdiction, Judge Judd is entitled to absolute judicial immunity. *Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 915–16 (9th Cir. 2021).

To the extent Robillard is upset because of the date and time of his scheduled Motions, the Complaint itself suggests the court acted appropriately. On January 5, 2026, the court responded to an email from Robillard, reassuring him that he would be given the necessary time for his Motion hearing, and that his scheduled time was simply a scheduling slot for Small Claims Cases. *Id*. at 12.

Valdon, for her part, was acting as court clerk at the time of the conduct complained of and is entitled to absolute quasi-judicial immunity. Valdon was performing the normal job functions related to that of a clerk of the court, such as filing Robillard's Notice of

MEMORANDUM DECISION AND ORDER - 7

Hearing. *Id*. at 14–15. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Acres Bonusing, Inc.*, 17 F.4th at 916; *In re Castillo*, 297 F.3d 940, 951–52 (9th Cir. 2002), as amended (Sept. 6, 2002) (scheduling and noticing hearings a discretionary function entitling officer responsible for scheduling and noticing hearings to absolute quasi-judicial immunity). Thus, Valdon is entitled to absolute quais-judicial immunity.

Because both Judge Judd and Valdon are entitled to absolute immunity on the face of the Complaint, the Court must dismiss Robillard's claims for money damages.

Last, to the extent Robillard seeks review or reversal of state proceedings relating to his assertions in his Complaint, or any underlying state administrative process, such claims fall within the *Rooker-Feldman* doctrine. *See Doe & Assocs. L. Offs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (*Rooker-Feldman* applies to interlocutory orders of lower state courts). Allegations that merely express disagreement with the outcome of state court proceedings or seek federal-court review of those decisions cannot proceed and must be dismissed for lack of jurisdiction. As written, Robillard's Complaint seeks declaratory and injunctive relief which would effectively reverse and remand the state court's decisions. Thus, the Court cannot review the proceedings relating to Robillard's assertions in his Complaint.

Because amendment would be futile, and because Robillard failed to prosecute or comply with a Court order, the Complaint is dismissed without leave to amend. *See Kinney v. Cantil-Sakauye*, 723 F. App'x 562 (9th Cir. 2018) (affirming dismissal without leave to amend where damages claims are barred by absolute immunity and equitable/declaratory

MEMORANDUM DECISION AND ORDER - 8

claims are barred by *Rooker-Feldman* doctrine).

## V. CONCLUSION

Because Robillard's Complaint is deficient, amendment would be futile, and Robillard failed to comply with a Court order/failed to prosecute, the Court DISMISSES the Complaint WITH PREJUDICE and denies leave to amend.

## VI. ORDER

1. Robillard's Complaint (Dkt. 1) is DISMISSED WITH PREJUDICE. The case is CLOSED.

DATED: April 9, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9